# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KERRI BACHMAN, | : | Civil No. 1:20-CV-01845 |
| Plaintiff, | : | |
| v. | : | |
| KENNETH C. LIU, M.D., *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

| | | |
|---|---|---|
| MEGAN BRAUN, | : | Civil No. 1:20-CV-01848 |
| Plaintiff, | : | |
| v. | : | |
| KENNETH C. LIU, M.D., *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

| | | |
|---|---|---|
| TONETTE CAPELLO, | : | Civil No. 1:20-CV-01855 |
| Plaintiff, | : | |
| v. | : | |
| KENNETH C. LIU, M.D., *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

| | | |
|---|---|---|
| CANDICE CLIFFORD, | : | Civil No. 1:20-CV-01856 |
| Plaintiff, | : | |
| v. | : | |
| KENNETH C. LIU, M.D., *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

| | | |
|---|---|---|
| BROOKE HARGARTHER, | : | Civil No. 1:20-CV-01857 |
| Plaintiff, | : | |
| v. | : | |
| KENNETH C. LIU, M.D., *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

| | | |
|---|---|---|
| JAIME REVEL, *et al.*, | : | Civil No. 1:20-CV-01858 |
| Plaintiffs, | : | |
| v. | : | |
| KENNETH C. LIU, M.D., *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

| | | |
|---|---|---|
| WENDY ROGERS, *et al.*, | : | Civil No. 1:20-CV-01859 |
| Plaintiffs, | : | |
| v. | : | |
| KENNETH C. LIU, M.D., *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

| | | |
|---|---|---|
| ASHLEY SHAW, *et al.*, | : | Civil No. 1:20-CV-01860 |
| Plaintiffs, | : | |
| v. | : | |
| KENNETH C. LIU, M.D., *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

| | | |
|---|---|---|
| NATALIE COGDILL, *et al.*, | : | Civil No. 1:20-CV-01861 |
| Plaintiffs, | : | |
| v. | : | |
| KENNETH C. LIU, M.D., *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

| ROBIN SIEVERS, *et al.*, | : | Civil No. 1:20-CV-01862 |
| --- | --- | --- |
| Plaintiffs, | : | |
| v. | : | |
| KENNETH C. LIU, M.D., *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

| PAULA WINNETT, *et al.*, | : | Civil No. 1:20-CV-01863 |
| --- | --- | --- |
| Plaintiffs, | : | |
| v. | : | |
| KENNETH C. LIU, M.D., *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Before the court in the above-captioned medical malpractice actions is a motion for leave to amend filed by Plaintiffs, which seeks leave to amend their complaints to include punitive damages claims. Because Plaintiffs have not established that there is good cause to permit the amendment, their motion is denied.

### BACKGROUND AND PROCEDURAL HISTORY

The eleven cases captioned above were all filed on October 8, 2020. The complaints in all eleven cases name as Defendants Dr. Kenneth C. Liu ("Liu") and

4

the Milton S. Hershey Medical Center ("Hershey Med"). Although each Plaintiff's complaint differs as to specific facts, they all generally allege that Liu performed a neurosurgical procedure that involved the implantation of a lumboatrial shunt while he was acting as an employee for Hershey Med, and that the implantation of these shunts caused harm to the Plaintiffs. Defendants answered the Plaintiffs' complaints on December 11, 2020.

Following a case management conference with the parties, the court issued a case management order in all eleven cases on December 22, 2020 that, among other things, imposed a March 1, 2021 deadline for the amendment of pleadings and a July 30, 2021 deadline for the completion of fact discovery. (*See, e.g.*, *Bachman v. Liu*, No. 1:20-CV-01845, Doc. 17.)[1]

On March 5, 2021 the court referred the cases to Chief United States Magistrate Judge Karoline Mehalchick for purposes of resolving a discovery dispute between the parties. (Doc. 19.) Since that time, the parties have conducted several conferences with Judge Mehalchick in an effort to resolve discovery issues, and Judge Mehalchick has issued several corresponding orders. Despite these

---

[1] The general practice in this case from both the parties and the court has been to file identical documents across all eleven cases whenever practicable. Accordingly, the court will cite only to the earliest captioned case, *Bachman v. Liu*, No. 1:20-CV-01845, throughout the remainder of this opinion. Unless otherwise indicated, all cited documents have also been docketed in the other ten cases.

issues, however, discovery has continued at a reasonable pace, and counsel for the Plaintiffs accordingly deposed Defendant Liu and Dr. Robert E. Harbaugh ("Harbaugh")—who was acting in both his individual capacity and as a corporate designee for Hershey Med—in April 2021. (*See* Doc. 31-1, pp. 2, 34.)

Based on information learned during the Liu and Harbaugh depositions, Plaintiffs filed the instant motion for leave to amend on May 21, 2021, seeking leave of the court to amend their complaints in order to add claims for punitive damages against both defendants. (Doc. 30.) Plaintiffs filed a brief in support of the motion on the same day, arguing that amendment is proper under Federal Rule of Civil Procedure 15. (Doc. 31.) Plaintiffs do not address whether amendment is also permitted by Federal Rule of Civil Procedure 16, despite the fact that their motion for leave to amend was filed over two months after the court-imposed deadline for the amendment of pleadings. (*See id.*) Both defendants filed briefs in opposition to the motion for leave to amend on June 4, 2021. (Docs. 33, 35.) Plaintiffs filed a reply brief on June 11, 2021, making the motion ripe for the court's disposition.

## Discussion

In *Premier Comp Solutions, LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020), the Third Circuit held that a party seeking to amend a pleading after the

expiration of a court-imposed deadline for doing so must satisfy both Rule 15 and Rule 16 of the Federal Rules of Civil Procedure. Under Rule 15, a party seeking to amend a pleading more than twenty-one days after service of the pleading may only do so with the written consent of the opposing party or leave of the court, but the court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 16 sets a stricter standard, stating that a case management schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16. The party seeking leave to amend must satisfy Rule 16's good cause standard before the court considers "whether the party also meets Rule 15(a)'s more liberal standard." *Premier Comp Solutions*, 970 F.3d at 319; *accord DLJ Mortg. Capital, Inc. v. Sheridan*, 975 F.3d 358, 370 n.53 (3d Cir. 2020).

The question of whether a moving party has satisfied Rule 16's good cause standard "depends in part on [the moving party's] diligence." *Premier Comp Solutions*, 970 F.3d at 319 (citing *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84–85 (3d Cir. 2010)). Thus, leave to amend is properly denied under Rule 16 when the moving party has failed to establish due diligence. *Price v. Trans Union LLC*, 737 F. Supp. 2d 276, 279 (E.D. Pa. 2010) (citing *Chancellor v. Pottsgrove Sch. Dist.*, 501 F. Supp. 2d 695, 701 (E.D. Pa. 2007)).

In this case, Plaintiffs do not make any argument as to why Rule 16's good cause standard is satisfied, and they fail to establish that they were diligent in seeking leave to amend their complaint. As noted above, the deadline for the amendment of pleadings expired on March 1, 2021, and Plaintiffs did not move for leave to amend their complaint until May 21, 2021. Although Plaintiffs' motion for leave to amend is based on information that they learned during the Liu and Harbaugh depositions in April 2021, Plaintiffs do not provide any explanation as to why they failed to conduct those depositions prior to the March 1, 2021 deadline for amendment of pleadings or closer in time to the completion of the depositions. Plaintiffs have therefore failed to establish good cause under Rule 16, and the court will deny their motion for leave to amend on that basis.

## Conclusion

For the foregoing reasons, Plaintiffs' motion for leave to amend is denied. An appropriate order follows.

s/Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Court Judge<br>
Middle District of Pennsylvania

Dated: July 7, 2021